UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 15-cr-339 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 618] |
| vs. | : | |
| | : | |
| ERIC EDWARDS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Eric Edwards moves for compassionate release under 18 U.S.C. § 3582(c).[1] Despite his young age, Edwards argues that his obesity and hypertension coupled with the high COVID-19 exposure risk at his prison facility justify reduction of his sentence to time served.[2] The Government opposes.[3] For the reasons stated below, the Court **DENIES** Edwards's motion.

## I.  BACKGROUND

On May 5, 2016, this Court sentenced Defendant Edwards to 110 months' imprisonment and four years' supervised release following his guilty plea to participating in a cocaine and heroin distribution scheme.[4] Edwards was an organizing member of the conspiracy who sold drugs to lower-level distributors.[5] Despite his previously convicted felon status, Edwards possessed and used loaded firearms in the scheme.[6] Edwards also

---

[1] Doc. 618.
[2] *Id.*
[3] Doc. 619.
[4] Doc. 376 at 2–3.
[5] Doc. 298 at 7.
[6] *Id.* at 9.

Case No. 15-cr-339
GWIN, J.

personally carried out and directed others to carry out violent actions to collect on drug debts and intimidate others.[7] Edwards participated in at least one assault where a victim was badly beaten.[8]

Edwards also had a significant previous criminal history, including aggravated battery, unlawful delivery of a controlled substance, possessing weapons under disability, and defacing firearm identification marks convictions.[9] After earlier convictions, Edwards repeatedly violated probation orders either by failing drug tests, failing to report to his probation officer, or committing new crimes.[10]

Edwards, now 30, claims that obesity and hypertension make him highly vulnerable to adverse sequelae if he contracts COVID-19.[11] It is also undisputed that there are active COVID-19 cases at Edwards's prison facility, USP Atwater.[12]

Edwards has a June 28, 2023 projected release date.[13]

## II. LEGAL STANDARD

*A. Exhaustion*
The Court may modify a sentence upon defendant's motion filed at least 30 days after requesting compassionate release from his facility's warden.[14] On August 6, 2020, Edwards

---

[7] *Id.* at 6.
[8] *Id.* at 7.
[9] *Id.* at 11–17.
[10] *Id.*
[11] Doc. 618 at 1.
[12] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Jan. 22, 2021).
[13] Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Jan. 22, 2021).
[14] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).

- 2 -

Case No. 15-cr-339
GWIN, J.

petitioned USP Atwater's warden for compassionate release.[15] On November 23, 2020, Edwards filed a compassionate release motion in this Court.[16] Accordingly, Edwards satisfies 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[17] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[18] Presently, there are no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[19]

### III. DISCUSSION

The Court finds that the balance of Edwards's alleged health problems and the 18 U.S.C. § 3553(a) sentencing factors weigh against releasing Edwards.

Edwards played a leading role in an 18-defendat cocaine and heroin distribution scheme.[20] As part of the scheme, Edwards personally committed violence and used his

---

[15] Doc. 623-1.

[16] Doc. 618.

[17] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, – F.3d —, No. 20-3654, 2021 WL 50169, *2 (6th Cir. Jan. 6, 2021).

[18] *Id.* (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

[19] *See Elias*, 2021 WL 50169 at *2 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[20] Doc. 298 at 4, 7.

- 3 -

Case No. 15-cr-339
GWIN, J.

position of authority to direct others to commit violent acts on his behalf.[21]  Consistent with those approaches, Edwards possessed multiple firearms, despite his felon status.[22]

Further, Edwards was not a first-time offender.  He had previously been convicted of multiple felonies, including violent offenses.[23]  And Edwards had previously failed to comply with supervised release terms.[24]

Edwards argues that he should nevertheless be granted compassionate release because he is the only member of his conspiracy still incarcerated.[25]  Indeed, this Court granted two Edwards co-defendants serving similar sentences compassionate release in 2020.[26]

The Court rejects this argument, finding that two factors justify Edwards' different treatment.

First, Edwards is only 30 years old, 11 and 33 years younger than compassionately released co-defendants Lowrell Neal and Clifford Edwards, respectively.[27]  While Edwards

---

[21] *Id.* at 6.
[22] *Id.*
[23] *Id.* at 11–17.
[24] *Id.*
[25] Doc. 618 at 4.
[26] *United States v. Neal*, 5:15-cr-339, 2020 WL 4003049 (N.D. Ohio July 15, 2020); *United States v. Edwards*, 5:15-cr-339, 2020 WL 4003050 (N.D. Ohio July 15, 2020).
[27] Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Jan. 22, 2021).

Case No. 15-cr-339
GWIN, J.

does present some evidence of obesity and hypertension, Edwards's relative youth places him at decreased COVID-19 complication risk.[28]

Second, a COVID-19 vaccine has been developed since Edwards's co-defendants were released in 2020. And the Bureau of Prisons has begun administering vaccines to its inmates under Centers for Disease Control guidance.[29] As of January 15, 2021, more than 17,000 vaccine doses have been administered to federal staff and inmates.[30] As vaccine distribution increases over time, Edwards should be able to receive the vaccine.[31]

For these reasons, the 18 U.S.C. § 3553(a) sentencing factors weigh against releasing Edwards.

### IV.    CONCLUSION

For these reasons, the Court **DENIES** Edwards's compassionate release motion.

IT IS SO ORDERED.

Dated: January 25, 2021            *s/   James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[28] Centers for Disease Control, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (Dec. 13, 2020).
[29] Federal Bureau of Prisons, *COVID-19 Vaccination Efforts Commended*, https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp (Jan. 16, 2021).
[30] *Id.*
[31] *Id.*

- 5 -